AMERICAN TRUST & SAVINGS BANK *v.* MOORE.

1. BILLS AND NOTES — CERTIFICATE OF DEPOSIT — BANKS AND BANKING—SALES.

By keeping control of an automobile until informed by the issuing bank that a certificate of deposit which the vendor has received in payment is worthless, he bars himself from recovering in an action on the certificate on the theory that he has in good faith parted with value for the instrument.

2. SALES—RECAPTION—RESCISSION.

An election to take back the consideration and disaffirm the transaction divests the seller of his ownership of the certificate.

3. SAME.

In case of disaffirmance it is usually the duty of the vendor to tender back the consideration received in payment, as a condition of his right to retake the property transferred, except in case the paper is worthless in the hands of vendee or it is impossible to make the tender.

4. SAME—ELECTION OF REMEDIES.

After discovering that the certificate of deposit received in consideration of sale was worthless, the seller has his choice of two remedies: to affirm the sale or to rescind and take back the property.

5. SAME.

Having kept the automobile in charge of an agent and retained possession after discovering that the certificate was valueless, the vendor indicated an election to disaffirm and cannot recover on the certificate of deposit.

Error to Genesee; Wisner, J. Submitted November 9, 1909. (Docket No. 117.) Decided June 6, 1910.

Assumpsit by the American Trust & Savings Bank, trustee, against Bertelle R. Moore and Kittie E. Moore, copartners as the Bank of Linden, for the amount of a certificate of deposit. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Clifford A. Bishop* and *John H. Farley,* for appellant.

*Andrew L. Moore* (*Henry E. Walbridge,* of counsel), for appellees.

HOOKER, J. The plaintiff is the assignee in bankruptcy of the Weber Company, a Chicago concern, which was engaged in the sale of automobiles before it became insolvent. Gilmore applied to it to purchase an automobile. A machine and price were agreed on, the latter being $3,300. Gilmore tendered in payment a certificate of deposit, issued to him by the defendants, copartners,

doing business in Michigan under the name of the "Bank of Linden." Whether the machine was delivered unconditionally to Gilmore or not is a disputed question of fact. He was allowed to use it, at all events, the same being driven by a man whom plaintiff claims to have been employed by him at the suggestion of Weber. The certificate was deposited to the credit of the Weber concern, and both the bank with which it was deposited and Weber telegraphed the Bank of Linden to know if it was good. The following telegram was received by the Weber Company in reply: "No good. Hold certificate and arrest man." Thereupon the Weber Company ordered the driver to leave the machine in a garage adjoining its salesroom, run by another concern, Orlando Weber being president of both companies. Gilmore disappeared, and has not been seen since. The machine remained from that time under the control of the Weber Company, and it was ultimately sold by said company for $2,000, after putting upon it somewhat extensive repairs and paying storage. This action was begun by the Weber Company soon after the discovery that defendants repudiated the certificate. Subsequently it was declared a bankrupt, and the assignee was substituted as the party plaintiff by stipulation. An amended declaration in all respects similar to the original declaration, except in the matter of the names of parties, was filed. This declaration was "the common counts," with a copy of the certificate of deposit attached. To a plea of the general issue a notice was attached alleging the fraudulent character and invalidity of the instrument and the want of good faith in its purchase. A verdict for the defendants was directed, judgment was entered thereon, and plaintiff has appealed.

The counsel for the plaintiff in the opening statement to the jury admitted the foregoing facts, but claimed that the Weber Company was a purchaser in good faith and for value, and that plaintiff was entitled to recover the face of the instrument, but was willing, if it could be properly secured against a claim by Gilmore, to take a verdict

for its actual damages, stated to be about $2,000, otherwise, it would ask the full amount of the certificate. To establish its case, plaintiff offered testimony showing its sale of the car and its acceptance of the certificate as payment. Cross-examination brought out many of the other facts relied on by the defense. This was supplemented by testimony offered by the defendants. In rebuttal, the plaintiff sought to show the expense put upon the car and what it had lost in the transaction. This was taken under objection. Counsel for defendants then asked that the testimony in rebuttal be stricken out and a verdict directed for the defendants upon the ground that unliquidated damages could not be recovered in an action on the common counts. The court thereupon directed a verdict for the defendants and plaintiff has appealed.

At the threshhold of the case was a disputed question of fact; *i. e.*, whether plaintiff's president parted with the title to the automobile. He claims that on receipt of the certificate he made and delivered a statement of the item marked "Paid in full" and signed by him, and delivered the machine to Gilmore, who took it away. On the other hand, defendants offered testimony tending to show that he actually kept control of it until he should hear from the certificate by putting it in the hands of one of plaintiff's employés as driver for Gilmore. This was an important question, for, if defendants' claim is found true, it cannot be said that the plaintiff parted with value for the instrument, and therefore it could not recover, but this was a question that the court erred in taking from the jury, unless some other question in the case justified such a charge. It is claimed that there is at least one such question in the case.

Recaption. It is contended that, by the recaption of the automobile, the plaintiff recovered back all that it paid Gilmore for the certificate, and therefore that it cannot now claim to be a purchaser for value; that this was a rescission of the contract; and that it had no longer any

title to the certificate, having repudiated the transaction upon which its alleged title rests. Let us suppose that it had paid $3,300 in money for this certificate, and had succeeded in recapturing the identical money paid. We doubt if it would be, and still more if it could be, successfully contended that the plaintiff still had a title to the instrument, which under the old case of *Vinton v. Peck*, 14 Mich. 287, would entitle it to sue upon and recover the full face of the certificate. In that decision we held that if a purchaser in good faith paid any value, the face of the note, and not the lesser amount paid, was the measure of damage in a suit upon the paper. See, also, *Hunter v. Parsons*, 22 Mich. 96.

Upon what ground, then, could we hold, as I think we would, that the plaintiff could not recover, except upon the theory that, having elected to take back his money, he no longer owned the note. It might be a rescission though he did not recover all or any of the money, and the effect of the disaffirmance would be the same. We all know that in such a case it is usually the duty of the vendor to tender back the note or property paid, as a condition to the right to recover his property. Exceptions to this condition are when, as in this case, the paper is worthless in the hands of the vendee, and where the vendor is unable to tender back the paper. In this case money was not paid for the certificate, but upon plaintiff's theory an automobile was sold and delivered. Grant it; but two or three days later the plaintiff acted. It had a choice of remedies, viz.: (1) It might have let the sale stand and rely on its *bona fides*. (2) It might disaffirm the contract and take its property. It claims that it did neither, but that it seized the automobile for the benefit of the defendants, admitting that it was a wrongdoer in taking the property.

We have examined the proof in this case, and we think that it conclusively shows a plain case of rescission as against Gilmore in law. Having done this, plaintiff can-

not recover upon the instrument, which it sought to do, and the court did not err in saying so.

The judgment is affirmed.

OSTRANDER, BROOKE, and BLAIR, JJ., concurred.

MONTGOMERY, C. J., who heard the arguments in this case, resigned before decision rendered.