BAKER v. LAMBERS.

1. VENDOR AND PURCHASER—ACCEPTANCE OF NOTE NOT ABSOLUTE
   PAYMENT—LIENS.
   Acceptance by vendor of promissory note as part of initial cash
   payment is not to be considered as absolute payment where
   there was not only no clear agreement or manifestation of
   intention on part of parties to so consider it, but said inten-
   tion is negatived by provisions of contract giving vendor lien
   for full amount of purchase price.

2. SAME—EFFECT OF ACCEPTANCE OF SURRENDER OF CONTRACT
   RIGHTS.
   Vendor, by accepting surrender of vendees' rights under land
   contract, relinquished his right to amount due thereunder.

3. SAME—RIGHT TO RECOVER ON NOTE AFTER SURRENDER OF CONTRACT
   RIGHTS.
   Vendor, who accepted surrender of vendees' rights under land
   contract, is not entitled to recover amount of promissory note
   given by vendees as part of initial cash payment, where said
   note was not accepted as absolute payment.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted October 14, 1932. (Docket No. 91, Calendar
No. 36,798.) Decided December 6, 1932.

Assumpsit by Filmore E. Baker against Ben-
jamin Lambers and others on a promissory note.
Judgment for defendants. Plaintiff appeals. Af-
firmed.

*Louis G. Slaughter* (*Leo C. Lillie,* of counsel),
for plaintiff.

*Francis G. Barlow,* for defendants.

On vendor's lien as extinguished by acceptance of purchaser's
note, see annotation in 35 L. R. A. (N. S.) 91.

POTTER, J. Plaintiff, being the owner of real estate in Ottawa county, sold the same to defendants Lambers by land contract October 12, 1928. The contract of sale was an ordinary form of land contract, and provided that the Lambers were to purchase the real estate for $8,000 and pay therefor $1,000 on the date of the contract. This $1,000 was not paid in cash. Defendants Lambers paid plaintiff $300 in cash and executed and delivered to plaintiff a promissory note in the sum of $700 with Guy W. Tibbits, the other defendant, as an indorser thereon. Subsequently, during the month of August, 1929, plaintiff and his attorney went to the house of defendants Lambers. "At that time, the defendants, Lambers, informed plaintiff that they could not fulfil their said contract, and desired to turn the premises back to plaintiff and surrender their rights under said contract. That then and there the plaintiff agreed to accept the surrender of the premises described in said land contract from the defendants, Lambers." This agreement was subsequently carried out, and the note of $700 not having been paid by the makers thereof, plaintiff instituted suit. The only question involved is whether the giving of the promissory note, as above mentioned, for $700, constituted payment on the land contract. We think the case is ruled by *Curtis* v. *Clarke,* 113 Mich. 458, where plaintiff filed a bill to enforce a vendor's lien. Defendants had given promissory notes for the full amount of the purchase price. The court held there was nothing in the subsequent dealings of the parties which indicated that either Curtis or his wife expressly or impliedly waived or discharged the vendor's lien which equity gives the vendor of real estate for the purchase price.

"Where the extinguishment of a debt has the effect to strike down a lien or a title securing its payment, the presumption that it is not discharged by the acceptance of the note of the debtor in payment of it is strengthened, because in such a case the discharge of a lien is more unusual and unreasonable; and the general rule is that the receiving of a promissory note by a creditor will not have the effect to discharge a lien, statutory or contractual, which the creditor has for the security of his debt." 21 R. C. L. p. 75, § 77.

See, also, *Plas* v. *Aldrich,* 238 Mich. 343.

We think the promissory note sued upon was not to be considered by the parties as payment. The vendor had a vendor's lien upon the premises for the full amount of the purchase money unpaid. That lien was satisfied when defendants voluntarily surrendered, and plaintiff accepted back, the premises.

"If there is an express agreement by the creditor to receive a note as absolute payment and to run the risk of its being paid, it will be held to be an extinguishment or payment of the precedent debt, whether the note is afterwards paid or not, but a clear agreement or manifestation of intention of both the parties to that effect is essential." 21 R. C. L. p. 72, § 72.

See, also, *Plas* v. *Aldrich, supra.*

Not only is there no clear agreement or manifestation of intention upon the part of the parties to the contract that this note was to be accepted as an absolute payment, but the contract, by giving the vendor a lien for the full amount of the purchase money, expressly negatives such intention. Plaintiff was bound by the acceptance of the property upon vendee's failure to carry out its terms. It was

an acceptance by agreement of the parties, and the plaintiff must be understood as having relinquished his right to the amount due upon the contract.

"He could not treat it as void in respect to the rights which it secured to the defendant, and valid in respect to those which it secured to himself. Having declared it void as to the land, it was void also as to the payments which it had bound the defendant to make for the land. There was, nothing, therefore, upon which plaintiff could base a right of action for either the principal or the interest which had become due upon it." *Goodspeed* v. *Dean*, 12 Mich. 352.

We think the trial court arrived at a correct conclusion.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.