1. VENDOR AND PURCHASER—NOMINAL PURCHASER'S LIABILITY FOR DEFICIENCY.

   Record in land contract foreclosure proceedings *held,* insufficient to relieve purchaser named in the contract from liability for deficiency upon sale should there be one.

2. SAME—ASSIGNMENTS—ASSUMPTION OF LIABILITY—DEFICIENCY.

   Land contract purchaser's assignees who assumed and agreed to pay balance due on the contract by accepting assignment containing assumption clause .*held,* liable for deficiency notwithstanding assurance of purchaser's brother, the equitable owner of purchaser interest and who negotiated the transfer, that assignees incurred no personal liability thereby, there being no evidence that purchaser himself released assignees from assumption clause.

3. SAME—PURCHASER'S RELEASE OF ASSIGNEES.

   In order that land contract purchaser's assignees may be relieved from liability for balance due on contract where assignment contains an assumption clause, purchaser himself, who is personally liable, must consent to release of assignees, since right of vendor to recover deficiency from assignees of purchaser is dependent upon latter's rights against his assignees.

Appeal from Wayne; Campbell (Allan), J. Submitted January 23, 1935. (Docket No. 50, Calendar No. 38,166.) Decided October 11, 1935. Rehearing denied January 7, 1936.

Bill by Frischkorn Land Company, a Michigan corporation, against George H. Whitley, Herbert V. Barbour, Leo Wing and Marguerite D. Wing to foreclose a land contract and for a deficiency. Dismissed as to defendant Marguerite D. Wing. From decree

of foreclosure without deficiency as to defendants Barbour and Leo Wing, plaintiff appeals. Modified and remanded.

*Renaud & Coash,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye,* for defendant Whitley.

*Harold B. Desenberg,* for defendant Barbour.

*Herbert C. Munro,* for defendant Leo Wing.

NELSON SHARPE, J.   On June 28, 1929, the plaintiff sold under land contract certain real estate in the county of Wayne to the defendant George H. Whitley.   On July 1st following, Whitley assigned the contract to the defendants Herbert V. Barbour, Leo Wing and Marguerite D. Wing, his wife, the amount due being stated therein at $9,000, with interest from June 28, 1929, ''which the said assignees and grantees assume and agree to pay.''   Beneath the signature of Whitley thereto appear the names Herbert V. Barbour and Leo Wing, and under their signatures the words ''For signature comparison only.''   Barbour and Wing made payments thereon to the amount of $2,300, the last of which was paid on April 30, 1931.

Claiming default, the plaintiff filed the bill of complaint herein to foreclose the contract.   In it, it prayed for a decree for any deficiency arising upon the sale against Whitley, Barbour, Wing and Mrs. Wing.   The case was dismissed as to Mrs. Wing. After the submission of proofs, the trial court entered a decree for the sale of the property, but declined to hold any of the defendants liable for a deficiency.   The plaintiff has appealed therefrom.

It appears that the deal for the purchase of the property was made by J. B. Whitley, a brother of the

defendant George H. Whitley. He made the down payment of $1,000 and personally received the $1,000 which the defendants Barbour and Wing paid for the assignment to them. A. R. Frischkorn, the vice-president of the plaintiff company, who executed the contract for it, testified that J. B. Whitley first spoke to him about the purchase and he gave him the price on it, $10,000 with a $1,000 down payment, and that "in a day or so he came back, and said that his brother wanted to buy the property;" that the contract was prepared in the office of a real estate firm and sent to him with the down payment, and that he executed it. It thereupon became a binding contract between the plaintiff as vendor and George H. Whitley as vendee, and we find nothing in the record which will in any way relieve the latter from liability for a deficiency if one should arise upon the sale of the property.

The liability of Barbour and Wing presents a more serious question. It is dependent upon whether, if there should be a deficiency and the vendee, Whitley, be compelled to pay it, he would have a right of action therefor against Barbour and Wing. *Frank* v. *Applebaum,* 270 Mich. 402. The manner in which their names were affixed to the assignment is in no way decisive "as they became bound by accepting the assignment" containing the assumption clause. *Barnard* v. *Huff,* 252 Mich. 258, 265 (77 A. L. R. 259).

The testimony clearly established the fact that J. B. Whitley assured them that they incurred no personal liability by doing so, and, were he the vendee in the contract, he would be precluded thereby from maintaining an action against them.

There is no question but that the defendant George H. Whitley permitted his name to be inserted in the contract at the request of his brother, J. B. Whitley, who made the down payment and conducted the nego-

tiations with Barbour and Wing which resulted in their payment to him of the sum of $1,500 and accepting the assignment made to them. The only real interest which the defendant George H. Whitley had in the contract, as testified by him, was an understanding with his brother that if he, J. B. Whitley, did not make the first monthly payment when it became due, he, George H. Whitley, should make it and then become the owner, as between themselves, of the contract. The assignment, however, was made before this payment became due and was paid by Barbour and Wing.

The liability of the defendants Barbour and Wing is established by the provision in the assignment which they accepted and performed by making 23 payments of $100 each. They seek to avoid it by evidence of an agreement with J. B. Whitley that they should not be liable. The burden is on them to establish, not only the agreement, and this they have done, but the authority of J. B. Whitley to enter into it. It clearly appears that J. B. Whitley, who at that time was the equitable owner of the contract, was empowered to negotiate a sale thereof to Barbour and Wing, but these defendants in making the purchase were chargeable with notice that he was not the vendee in the contract and, if as a condition of their purchase they were to be released from their undertaking in the assignment, it would seem that prudence on their part would have suggested that such release should be made by the vendee himself, who was personally liable to the vendor for payment as provided for in the contract. When George H. Whitley executed the assignment, it contained the assumption clause, and release thereof, to be binding upon him, must have been with his consent, and there is no proof that such consent was given.

It follows that the plaintiff was entitled to a decree against all these defendants for any deficiency arising on the sale, and a decree so providing may be entered in this court, with costs to plaintiff, and the cause remanded for further proceedings.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.