TAYLOR v. GROLL.

Vendor and Purchaser—Assignment of Vendee's Interest—Assumption of Liability—Novation—Notice of Default.

In suit to foreclose land contract providing that on default vendor had the right to declare the contract void, retain all payments as stipulated rental, and take possession without notice to quit, plaintiff *held*, entitled to deficiency, if any, against vendee, although he had not received notice of default and had transferred his interest to an assignee over 9 years before suit was brought and vendor had accepted smaller payments from assignee than contract required for about a year before assignee stopped making any payment some 3 years before suit was commenced, the assignee had not assumed and agreed to make the payments, and a novation had not been effected so as to release vendee and impose the obligation on his assignee.

Sharpe, Potter, and McAllister, JJ., dissenting in part.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 4, 1939. (Docket No. 27, Calendar No. 40,315.) Decided June 5, 1939.

Bill by Mark A. Wilson, receiver for Union Industrial Trust & Savings Bank, a Michigan banking corporation, against Bernard J. Groll and Elizabeth Nolan, executrix of the estate of John E. Nolan, deceased, to foreclose a land contract, for a deficiency decree and other relief. Herman G. Taylor, receiver, substituted for Mark A. Wilson, receiver, as plaintiff. Decree for plaintiff. Defendant Nolan appeals. Plaintiff and defendant Groll cross-appeal. Affirmed.

*Millard & Roberts,* for plaintiff.

*Guy W. Selby,* for defendant Groll.

*Bishop & Church,* for defendant Nolan.

WIEST, J. The bill should not be dismissed.

The decree providing for foreclosure should stand, but with the modification that Bernard J. Groll, the vendee in the land contract, and not John E. Nolan, the assignee of the vendee, or, by reason of his death, his estate, is liable for deficiency, if any, upon sale.

There was no novation releasing the vendee from liability, nor was he released by failure of the vendor to notify him of default in payments by his assignee.

Nolan, the assignee of the vendee, did not in the assignment assume and agree to make the land contract payments, and as this case is heard here on stipulated facts without the testimony, and the agreed facts are silent as to any oral agreement to such effect, the estate of the assignee cannot be held liable for any deficiency.

The decree, so modified, is affirmed, with costs to defendant Nolan estate.

BUTZEL, C. J., and BUSHNELL, CHANDLER, and NORTH, JJ., concurred with WIEST, J.

MCALLISTER, J. (*dissenting in part*). On August 19, 1926, the Union Trust & Savings Bank of Flint, Michigan, was the owner of a certain parcel of land which, on that date, it sold to defendant Bernard J. Groll on executory land contract. On December 3, 1926, Groll assigned all of his interest in the contract to John E. Nolan, now deceased. Nolan did not accept nor agree to pay or be bound by the contract but he entered into possession, made improvements, and occupied the premises until his

death in April, 1933. Elizabeth Nolan, his widow and executrix, continued in possession of the premises in her representative capacity and reported to the probate court receipts of income therefrom until 1937. In May, 1929, the Union Trust & Savings Bank consolidated with the Industrial Bank of Flint in a new institution, known as the Union Industrial Bank, which name was later changed to the Union Industrial Trust & Savings Bank.

The Union Trust & Savings Bank conveyed title to the premises in question by quitclaim deed to the new merged institution, and plaintiff was thereafter appointed receiver for the said bank.

In a proceeding to foreclose the land contract brought by the receiver against Groll and the Nolan estate, the circuit court found in favor of the receiver, holding that because of the transaction between Groll and Nolan, there was effected a novation which automatically released Groll from any further liability under the contract; and adjudging the Nolan estate to be liable for any deficiency after sale.

From such decree Elizabeth Nolan, executrix of the estate of John E. Nolan, appeals, claiming that the court erred in determining that there was a novation of contract by reason of the transaction between Groll and Nolan. The receiver and Groll filed cross-appeals, Groll claiming that plaintiff was estopped from bringing proceedings against him on the contract, and the receiver claiming a deficiency against either Groll or the Nolan estate as may be determined.

With reference to novation, there is nothing in the agreed statement of facts of the record to show anything more than the assignment from Groll to Nolan, and the fact that Nolan thereupon took charge of the property, carried out extensive repairs, and made payments on the contract direct to plaintiff's prede-

cessors. Nolan did not agree to assume and pay the contract; and there was no assumption clause in the assignment. See *Frischkorn Land Co.* v. *Whitley,* 273 Mich. 11. His mere performance of the terms thereof in itself raises no implication of an agreement to assume. *Fender* v. *Feighner,* 265 Mich. 536. To constitute novation, the creditor must have consented to the discharge of the original debtor and must have accepted the promise of the new debtor. *Harrington-Wiard Co.* v. *Blomstrom Manfg. Co.,* 166 Mich. 276. But plaintiff herein, in his reply to the vendee's answer, in attempting to hold him liable, explicitly denied such a release and discharge. Novation was not proved, and the Nolan estate is not liable on the contract.

With regard to the liability of Groll, the trial court held that he was discharged by novation. Under our determination that there was no novation, is Groll, then, liable under the contract? His defense is estoppel.

The contract was executed between Groll and the bank August 19, 1926, at which time Groll made a down payment of $500. On December 3, 1926, he assigned all of his interest in the contract to Nolan. The assignment was attached to the original contract. The bank accepted the payment of $35 per month as required in the contract direct from Nolan. Commencing February 26, 1932, reduced monthly payments were accepted by the bank in the amount of $25 during a period of a year, until January 19, 1933, which was the date of the last payment made on the contract. Suit was commenced by the bank February 7, 1936. For nearly 10 years Groll had taken no part in the performance of the contract. He did not know that, four years before, reduced payments were being made, and that the bank had apparently acquiesced in such monthly payments of $25 instead

of $35 as provided in the contract. During three years before suit, no payments whatever were being made. Groll was never notified of any reductions or defaults in payment, nor was any demand ever made upon him until the commencement of suit, although he had been at the bank frequently, and, during this time, had sold property for the bank; and defendant Nolan, executrix of the estate of the assignee, had offered two and a half years previously to turn property back to plaintiff. Groll claims that because of these circumstances the bank waived performance of the contract by him, and is now estopped to hold him liable for the payments thereunder.

During four years of default, in three of which no payment whatever was made, the vendor did not give the vendee any intimation that payments under the contract were not being regularly made, although defendant was repeatedly at the vendor's office and was from time to time employed by the vendor. During this period, the assignee was occupying the premises free of payment or rent, and ineffectually trying to turn the premises back to the vendor. Plaintiff delayed, did nothing and said nothing during this entire period of three or four years, permitting the contract to become badly in default, knowing that the vendee was receiving nothing out of the rents or use of the property, and with the knowledge that defendant had had no connection with the contract or payments for more than 11 years. Under such circumstances, the bringing of suit for the large sum of money accumulated by multitudinous defaults over a period of years, without notice to defendant, in order to charge him with the original obligation, to sell the property, and to hold him for a deficiency judgment, is inequitable. The rights of defendant under the contract have suffered injury because of the vendor's conduct in ig-

noring the interests of defendant while holding the legal title as trustee in his behalf. Plaintiff's predecessor in title, by whose acts he is bound, must be held accountable for violation of the trust relations which are an element of the contract.

An all-embracing rule cannot be laid down as to what constitutes waiver, laches or estoppel; each case must stand on its own facts. *Dolecki* v. *Perry,* 277 Mich. 679. In equity the vendor under a land contract holds the legal title as trustee for the vendee, and trust relations are an element of the contract. *Curry* v. *Curry,* 213 Mich. 309. The contract in question provided that on default the vendor had the right to declare the same void, retain all payments as stipulated rental, and take possession without notice to quit. In such executory contracts for the sale of land, where it is provided that, on failure of the vendee to make any of the stipulated payments, the vendor might immediately declare the contract void, it is considered in law that time is of the essence of the contract. *Plas* v. *Aldrich,* 238 Mich. 343. The doctrine of laches is founded upon long inaction to assert a right, attended by such intermediate change of conditions as renders it inequitable to enforce the right. *Epstean* v. *Mintz,* 226 Mich. 660.

In the instant case, we are of the opinion that plaintiff is estopped to ask for a deficiency and that it would be inequitable to grant such relief, sought in plaintiff's bill. Plaintiff's bill of complaint should be dismissed as to defendant Nolan; and the decree should be modified limiting its right to foreclosure of the contract without deficiency against defendant Groll. Costs to defendants.

SHARPE and POTTER, JJ., concurred with McALLISTER, J.