MERRITT v. HURON MOTOR SALES, INC.

1. AUTOMOBILES—OWNER'S CONSENT—EVIDENCE—IMPEACHMENT.
     Although credibility of testimony of person operating car at time
     of accident as to extent of authority conferred upon him as
     to use of car may have been for jury on appeal of owner,
     claiming nonliability because car was not being driven with
     its express or implied knowledge or consent, because driver
     was confronted on cross-examination with contradictory affi-
     davit, the testimony of other witnesses on extent of driver's
     authority was not impeached by such affidavit since, had he
     not been a witness, affidavit would not have been admissible
     (1 Comp. Laws 1929, § 4648).

2. SAME—OWNER'S CONSENT—SUBSTANTIVE EVIDENCE.
     Denial of car owner's motion for judgment *non obstante vere-
     dicto held,* error where record is without substantive testimony
     tending to support essential element of plaintiff's case against
     him that car was being driven at time of accident with its
     express or implied consent when driven for a longer time
     and to a city other than that designated by driver upon
     obtaining possession from appellant's sales manager (1 Comp.
     Laws 1929, § 4648).

Appeal from Wayne; Merriam (De Witt, H.), J.
Submitted October 13, 1937. (Docket No. 105, Cal-
endar No. 39,707.) Decided December 14, 1937.

Case by Joseph Merritt against Huron Motor
Sales, Inc., a Michigan corporation, Madeline Neu-
maier, Thomas Schuon and others for personal in-
juries sustained when hit by an automobile. From
verdict and judgment for plaintiff against defend-
ants Huron Motor Sales, Inc., Neumaier and Schuon,

defendant corporation appeals.  Reversed as to defendant corporation.

*Davis & Kleber, Benjamin B. Gordon* and *Vandeveer & Vandeveer,* for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Toohy,* for defendant Huron Motor Sales, Inc.

NORTH, J.  This is an action to recover for personal injuries received by plaintiff in an automobile accident.  The suit was instituted against the Olds Motor Works, J. G. Clemmons, Huron Motor Sales, Inc., Thomas Schuon and Madeline Neumaier.  Before verdict there was discontinuance as to the Olds Motor Works and J. G. Clemmons.  The jury rendered a verdict in the sum of $9,000 against each of the three remaining defendants, Huron Motor Sales, Inc., the owner, Thomas Schuon, who borrowed the automobile and was an occupant at the time of the accident, and Madeline Neumaier, who was driving.  Motion for judgment notwithstanding the verdict was made by the defendant Huron Motor Sales, Inc.  Its motion was denied and this defendant alone appeals.

Appellant contends that (1) the plaintiff was guilty of contributory negligence as a matter of law and (2) that the undisputed testimony shows the automobile at the time of the accident was not being driven with the express or implied knowledge or consent of appellant, the owner.  Because we deem it controlling, we consider herein only the second of the above contentions.

The accident happened at about 2 o'clock on the morning of February 2, 1936, on Grand boulevard in the city of Detroit.  As noted above it is urged in

support of appellant's motion for judgment *non obstante veredicto* that the uncontradicted testimony established that the car was being driven at the time of the accident in violation of a specific agreement which expressly limited the use of the car to a particular purpose and for a stated time and, therefore, the court should have held as a matter of law that the defendant Huron Motor Sales, Inc., was not liable in accordance with the following statutory provision:

"The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge." 1 Comp. Laws 1929, § 4648.

Testimony upon which appellant relies established that J. G. Clemmons, employed as sales manager for the Huron Motor Sales, Inc., loaned the Oldsmobile involved in the accident on the evening of February 1, 1936, to defendant Schuon at Ann Arbor for the purpose of visiting a sick friend in a hospital at Brighton. The loan of the car was made on condition that the same would be returned to Mr. Clemmons at his home by 10 o'clock p. m. so that he could call for his daughter who was to attend a school party that night. It is claimed the failure of defendant Schuon to return the car after his trip to Brighton and within the time limit set, and his violation of the agreement by driving the car to Detroit with three other companions brings appellant within the protection of the above statutory provision. These limitations of the use of the car were testified to by defendant Schuon, defendant Clemmons, and his wife who testified to overhearing the conversation between her husband and Schuon as to the return of the car when the latter called at the home for it. On cross-examination defendant Schuon was confronted by a sworn affidavit in which he stated that the auto-

mobile was given to him unqualifiedly and without restriction. Plaintiff produced no substantive testimony contradicting that given in behalf of appellant as to the specific limitations on the use of the car. It is appellant's contention that even conceding plaintiff successfully impeached the testimony of defendant Schuon by the sworn affidavit, still the testimony of defendant Clemmons and his wife was uncontradicted as to the limited time and the particular use for which the car was loaned and, therefore, there being no question of fact for the jury to decide, the court should have held as a matter of law that the car was being driven without the express or implied consent of the owner and should have directed a verdict in favor of the Huron Motor Sales, Inc., on its motion, and later have granted its motion for judgment notwithstanding the verdict.

Plaintiff on the other hand maintains that because both Clemmons and Schuon were vitally interested in the outcome of the litigation; because of the intimate friendship and business relationship between them for about four years; because on previous occasions a car had been loaned to Schuon without any time limit being set and on at least one such occasion Schuon kept possession for four or five days; because of the affidavit of Schuon contradicting his testimony given in the case; and because of the variance in testimony as to whether Mrs. Clemmons was in a position where she could hear the conversation as to the exact time the car was to be returned; the truth and credibility of the testimony of Schuon and Mr. and Mrs. Clemmons was a proper question for submission to the jury.

We think the record is such that decision may be reached on the assumption that by reason of the facts above stated the credibility of Schuon's testimony

was a matter for the jury, particularly because of his conflicting affidavit. But this affidavit in no way impeached the testimony of Mr. or Mrs. Clemmons. If Schuon had not been a witness in the case, the affidavit would not have been admissible at all. As to the other circumstances above noted on the basis of which plaintiff asserts there is sufficient challenge of the testimony of Mr. and Mrs. Clemmons to raise a jury issue, we think the answer is that each and all of such circumstances are too remote and too indefinite to raise a sufficient challenge as to the credibility of Mr. or Mrs. Clemmons to justify submission to a jury. In other words, so far as appears from this record the testimony of both Mr. and Mrs. Clemmons as to the limitations placed upon the loan of this car is undisputed, uncontradicted and credible. It left no room for a contrary finding by the jury. There is no substantive testimony in this record tending to support the essential element of plaintiff's case, namely, that at the time and place of the accident this automobile was being driven with the express or implied consent or knowledge of appellant. For decisions of this court on the questions presented on this appeal, see *Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557; *Foote* v. *Huelster,* 272 Mich. 194; *Kieszkowski* v. *Odlewany,* 280 Mich. 388.

It follows that as to the defendant Huron Motor Sales, Inc., the motion for judgment *non obstante veredicto* should have been granted. This portion of the judgment entered in the circuit court will be reversed, with costs of both courts to appellant.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.