## WINGETT v. MOORE.

1. Automobiles—Implied Consent—Evidence—Car Loaned by Garagekeeper.

   Implied consent to use defendant's car as driver's own, within reason, was a reasonable inference which jury might draw from testimony showing that defendant garagekeeper and automobile dealer had loaned driver a car involved in accident nearly seven weeks theretofore while driver's car was being repaired and did not forbid any use of loaned car (1 Comp. Laws 1929, § 4648).

2. Same—Implied Consent—Evidence—Question for Jury.

   Implied consent to use a car, like implied authority, may be gathered from a consideration of all the facts and circumstances, and is usually a·question for the jury (1 Comp. Laws 1929, § 4648).

3. Evidence—Contradictions—Improbabilities.

   If testimony, though not directly contradicted, is contrary to circumstances in evidence, or if it contains inherent improbabilities or contradictions which alone or in connection with other circumstances in evidence may excite suspicion as to the truth of the testimony, it may be disregarded by the jury.

4. Same—Uncontradicted Testimony—Inferences.

   Uncontradicted testimony may be disentitled to conclusiveness because, from lapse of time or other circumstances, it may be inferred that the memory of the witness is imperfect as to the facts to which he testified, or that he recollects what he professes to have forgotten.

5. Same—Uncontradicted Testimony—Mistake—Mendacity.

   A jury need not accept as absolute verity every uncontradicted statement a witness may make, since witnesses sometimes are mistaken and sometimes are willfully mendacious.

---

Imposition of liability for negligence upon owner of automobile by statute, see 2 Restatement,. Torts, § 491, comment h.

6. SAME—CIRCUMSTANTIAL—DIRECT—COMPETENCY.
Circumstantial evidence in support of or against a proposition is equally competent with direct.

7. AUTOMOBILES—IMPLIED CONSENT—EVIDENCE—FISHING TRIP.
In action for damages arising out of automobile accident where it appears that driver had taken his own car to be repaired at defendant's garage nearly seven weeks theretofore and was loaned the car involved in the accident which occurred while driver was on a fishing trip, testimony presented question of fact for jury as to whether or not driver, at the time of the accident, was using the car in a manner authorized by defendant (1 Comp. Laws 1929, § 4648).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 5, 1944. (Docket No. 38, Calendar No. 42,576.) Decided February 24, 1944.

Case by Olive Wingett against Albert H. Moore for injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*R. Burr Cochran,* for defendant.

BUSHNELL, J. Defendant Albert H. Moore was an automobile dealer located at Ravenna, Michigan, where he also maintained a repair garage. Plaintiff Olive Wingett was injured in a collision with an automobile driven by Richard Anderson and owned by Moore. Anderson and Moore had been acquainted for about 20 years. Anderson had bought a Chevrolet from Moore which became in need of repairs and it was brought to Moore's garage on May 10, 1942. Moore thereupon loaned Anderson his Plymouth car. Moore testified, "I let him take it to

go to work with." He explained the arrangement on cross-examination as follows:

"*Q.* You said you didn't forbid him to use it for any other purpose.

"*A.* He didn't ask me to use it for any other purpose.

"*Q.* You said you didn't forbid him to use it for any other purpose.

"*A.* He didn't ask me.

"*Q.* You answer my question Yes or No. Did you forbid him?

"*A.* I did not."

On June 27, 1942, while Anderson's Chevrolet was still undergoing repairs and while he was continuing to use Moore's Plymouth car, the accident in question occurred. Anderson at the time was on a fishing trip near North Muskegon.

The controlling question presented on this appeal is stated by appellant Moore as follows:

"Was there, either at the close of plaintiff's proofs or at the close of all the proofs, any substantive evidence to present a jury question as to the credibility of witnesses, or to permit the jury to determine whether or not the operator of defendant's car was, at the time and place of the accident, driving the same with the knowledge or consent, either express or implied, of the defendant?"

It appears from the record that the discussion pertaining to Anderson's use of the car for the purpose of going to and from work actually referred only to the principal use to which the car would be put. Anderson, who was subpoenaed by the defendant, testified:

"*Q.* Did Mr. Moore forbid you to use the car in any way that you pleased?

"*A.* No, sir. There was nothing brought up about that."

The indefinite nature of the arrangement between Moore and Anderson, the long period over which Anderson used the car, and the fact that Moore was still repairing his car, raised an inference that Anderson had the implied consent to use Moore's car as he would his own, within reason. Implied consent, like implied authority, may be gathered from a consideration of all the facts and circumstances, and is usually a question for the jury, *Kerns* v. *Lewis,* 249 Mich. 27, and the jury had the right to draw reasonable inferences from the disclosed facts and circumstances, *Oestrike* v. *Neifert,* 267 Mich. 462.

Moore argues that, since the loan of the car was qualified by his statement that it was to be used "to go back and forth to work with" was uncontradicted, there was nothing for the jury to pass upon. This argument conflicts with the rule stated in *Cuttle* v. *Concordia Mutual Fire Ins. Co.,* 295 Mich. 514, 519:

"If testimony, though not directly contradicted, is contrary to circumstances in evidence, or if it contains inherent improbabilities or contradictions which alone or in connection with other circumstances in evidence may excite suspicion as to the truth of the testimony, it may be disregarded by the jury. Uncontradicted testimony may be disentitled to conclusiveness because, from lapse of time or other circumstances, it may be inferred that the memory of the witness is imperfect as to the facts to which he testified, or that he recollects what he professes to have forgotten. 10 R. C. L. p. 1006.

"In *Yonkus* v. *McKay,* 186 Mich. 203, 210 (Ann. Cas. 1917 E, 458), the court said:

" 'But even assuming that these facts material to the issue had been proven by plaintiff and her witnesses without direct contradiction by any witnesses for the defendant, we are of opinion that it still would not be error for the court to instruct the jury that they must find those facts proven by a fair pre-

ponderance of the evidence. To hold that in all cases when a witness swears to a certain fact the court must instruct the jury to accept that statement as proven, would be to establish a dangerous rule. Witnesses sometimes are mistaken and sometimes unfortunately are willfully mendacious. The administration of justice does not require the establishment of a rule which compels the jury to accept as absolute verity every uncontradicted statement a witness may make.'

"In *Ricketts* v. *Froehlich,* 218 Mich. 459, 461, it was said:

" ' 'Circumstantial evidence in support of or against a proposition is equally competent with direct. As against each other their relative convincing power is for the jury. The trial court apparently assumed that defendant's direct denial must be taken as true against all circumstantial evidence introduced.' "

See, also, *Jonescu* v. *Orlich,* 220 Mich. 89.

Defendant argues that *Merritt* v. *Huron Motor Sales, Inc.,* 282 Mich. 322, is controlling. The facts in the *Merritt Case* are quite different. There, the owner of the car loaned it to the driver for the specific purpose of making a single trip from Ann Arbor to Brighton on the evening of February 1st, and the accident occurred at 2 o'clock on the morning of February 2d in Detroit, where the driver was not authorized to go. In that case sufficient time had not elapsed to create any inference of implied consent to use the car for general purposes. The recent case of *Jeffries* v. *Jodawelky,* 304 Mich. 421, is also distinguishable both on the facts and law, that being a case of *respondeat superior,* and the instant case is based upon the statute (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]), which imposes liability upon the owner of the car.

There was evidence to present a jury question as to whether or not Anderson was using the car in a manner authorized by Moore at the time of the accident. The verdict of the jury is affirmed, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.