Leonard J. MOORE et al., Appellants,

v.

CAPITAL TRANSIT COMPANY, a
Corporation, Appellee.

No. 12216.

United States Court of Appeals
District of Columbia Circuit.

Argued June 9, 1955.

Decided Sept. 8, 1955.

Mr. Alfred M. Schwartz, Washington,
D. C., with whom Mr. Samuel A. Friedman, Washington, D. C., was on the
brief, for appellants.

Mr. John P. Arness, Washington, D.
C., with whom Mr. George D. Horning,
Jr., Washington, D. C., was on the brief,
for appellee.

Before WILBUR K. MILLER, BAZE-
LON and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge

Leonard J. Moore sued the Capital
Transit Company to recover damages for
injuries he sustained when his taxicab
was struck by a streetcar in the intersection of 3rd Street and Pennsylvania
Avenue, N. W., in the District of Columbia. His wife sued for loss of consortium. Moore was driving southwardly on
3rd Street and entered the intersection
on a green light. Another taxicab proceeding northwardly on 3rd Street also
had a green light as it entered the intersection about the same time. The streetcar, which was traveling westwardly on
Pennsylvania Avenue, crossed the east
boundary of 3rd Street against a red
light, first struck the northbound taxi

and then hit Moore's cab and caused it to crash against a private automobile which was on Moore's right, also southbound.

The evidence showed that after a stop at Peace Monument the streetcar proceeded westwardly on Pennsylvania Avenue toward the intersection with 3rd Street, which was 846 feet away. Before the car reached that point, however, its operator was suddenly stricken with a convulsive seizure which rendered him unconscious. His rigid condition made it impossible for passengers to take his foot off the power pedal and stop the car before it had run the red light at 3rd Street and collided with the two taxicabs. The operator had never before had such an attack and it does not appear that he or the Transit Company had any reason to expect its occurrence.

Capital Transit's motion for a directed verdict at the close of the plaintiffs' proof was denied and a similar motion at the end of all the evidence was not granted.[1] The case was then submitted to the jury, which returned substantial verdicts in favor of the plaintiffs. Thereupon Capital Transit moved for judgment *non obstante veredicto* and also moved for a new trial. Both motions were granted and this appeal followed.

The action of the district judge in ruling on the motion for judgment *n. o. v.* and also on the motion for a new trial was in accordance with the practice approved by the Supreme Court in Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. As indicated in that opinion, there is no need for us to remand the case for a new trial if the judgment *n. o. v.* was properly entered. We hold that it was, on the authority of Cohen v. Petty, 1933, 62 App.D.C. 187, at page 188, 65 F.2d 820, at page 821, where Judge Groner said:

"It is undoubtedly the law that one who is suddenly stricken by an illness, which he had no reason to anticipate, while driving an automobile, which renders it impossible for him to control the car, is not chargeable with negligence. Armstrong v. Cook, 250 Mich. 180, 229 N.W. 433; Slattery v. Haley, Dom.Law Rep., 1923 (3), p. 156."

The appellants argue that the present case is distinguishable from Cohen v. Petty because there the stricken driver did not violate a municipal ordinance, while here the streetcar ran through a red light which, say the appellants, was a violation of a municipal regulation and therefore negligence *per se*. The argument overlooks the fact that the operator was unconscious when the streetcar ran the red light.

Other reasons for reversal advanced by the appellants have been examined but do not seem to us to require discussion.

Affirmed.

---

1. We cannot tell from the incomplete transcript whether the trial judge denied this motion or reserved his ruling. In either event Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. permitted the subsequent steps.