Celia McGary **WILSON**, Appellant,

v.

Alex **GOSCINSKE** and Nick Loridas, Appellees.

No. 12664.

United States Court of Appeals Sixth Circuit.

June 8, 1956.

Theodore Robbins, Detroit, Mich., Edward N. Barnard, Detroit, Mich., on the brief, for appellees.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

SIMONS, Chief Judge.

This appeal grows out of an automobile collision and is brought to set aside a judgment, notwithstanding the verdict, based on the ground that the plaintiff had failed to prove negligence. The plaintiff was Lucious McGary who died subsequent to trial and the filing of his appeal, though it is not contended that death resulted from the accident. The case was revived by the above appellant and jurisdiction is based upon diversity of citizenship.

The appellee, Loridas, was a taxicab driver, driving for Goscinske, and McGary was injured while a passenger in his cab. Margaret DuPre was the driver of another car with which the cab collided. The action was against three defendants grounded upon the joint negligence of Loridas and Mrs. DuPre while Goscinske was joined because as the owner of the cab he was allegedly responsible for the fault of his driver. Motions for directed verdict, made on behalf of Goscinske and Loridas, were taken under advisement, the case was submitted to the jury and after verdict against all three defendants, the cause was dismissed as to Loridas and Goscinske and judgment entered against Mrs. DuPre alone. She did not appeal.

 The facts are substantially as follows and must be viewed in the light most favorable to the appellant. The collision occurred at or near the intersection of 14th Street and Grand River Avenue, in the city of Detroit, on December 28, 1951, at noon. Fourteenth Street is a one-way street for southbound traffic, with either four or five driving lanes and runs north and south. Grand River Avenue is a wider highway, running substantially east and west. McGary was a dining-car waiter employed by the Bal-

Jerome W. Kelman, Detroit, Mich., Marcus, Kelman, Loria, McCroskey & Finucan, Detroit, Mich., on the brief, for appellant.

timore & Ohio Railroad and was due to report back for work at 1 o'clock at the Michigan Central station. He testified that before nearing Grand River Avenue, the cab was traveling 35 to 40 miles per hour but that on approaching the intersection its speed was reduced to 25 to 30 miles per hour. The cab was moving South in the far left lane of Fourteenth Street and Mrs. DuPre's Plymouth was likewise moving South, somewhat ahead of the cab but in a lane to the right of it. The plaintiff testified that the streets were "icy and slippery," and again, that they were "icy and slick."

Mrs. DuPre, called as a witness by the plaintiff, testified that she had been going 20 and 25 miles an hour as she entered the intersection. When she arrived at the middle thereof she started a left turn at about 10 miles per hour, crossing the line of travel of the cab, which she says she did not see. She did not stop but left the second lane from the east and crossed the easternmost lane of 14th Street. * * * "I had the light and I slowed down between 10 and 5 miles an hour." Her testimony as to the light at Grand River and 14th is corroborated by Loridas and is nowhere in the record refuted. It is also uncontradicted that the posted speed on 14th Street is 30 miles an hour, and that Mrs. DuPre gave none of the customary signals that she intended to make a left turn at Grand River. When the two cars collided, they were on Grand River beyond the intersection, parallel to each other and facing east. Loridas had not applied his brakes until at or immediately before the collision and there were no skid marks on the pavement. The damage to the cars was on the right side of the Loridas car and the left side of the DuPre car. Nothing is to be gained and no clarification is to be achieved by determining whether the cab struck the Plymouth or the Plymouth struck the cab.

█ There is no question upon this record as to the negligence of Mrs. DuPre. She was ticketed by a traffic officer for making an unlawful lefthand turn, pleaded guilty in the Traffic Court and admitted, upon the present record, that her turn was improper. The braking lights indicated a stop rather than a left turn and her failure to give the conventional arm signal is undisputed. It is clear that the negligence of Mrs. DuPre was the primary proximate cause of the accident.

We turn now to the controlling issue as to whether there was negligence on the part of Loridas which contributed to the accidental result. He was driving in a proper lane and within the posted speed of 30 miles per hour. He was not advised by appropriate signal that the DuPre car was to make a lefthand turn across his lane of travel. Such signal as was given indicated a stop which would not interfere with his free passage of the intersection. Both custom and the command of a City Ordinance require that a left turn from a one-way street should be made from the inner lane, upon appropriate signal. In so far as expectability of danger is a test of negligence, Loridas was not aware of hazard in proceeding upon a straight line of travel, in crossing the intersection. There remains only the question whether he should earlier have applied his brakes.

█ Applicable to his situation, is a principle established by many cases and having ancient origin. Loridas was confronted, without warning, by an emergency. Three courses were, perhaps, seemingly open to him, in order to avoid a collision. (1) He might have turned to the right to cross behind the Plymouth, (2) he might have turned to the left with the Plymouth, or (3) he might have forcibly applied his brakes, seeking to come to a complete stop before impact. It has long been settled doctrine that a chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence. Such normal reaction has been held to include the instinct toward self preservation. Scott v. Shepherd, 2 W.Bl. 892 (the lighted squib

**762**

case) and the equally natural impulse to rush to others' assistance in emergency, Wagner v. International Ry. Co., 232 N.Y. 176, 133 N.E. 437, 19 A.L.R. 1 (the danger invites rescue doctrine). This rule of causation has been repeatedly recognized by this court. Sandri v. Byram, 6 Cir., 30 F.2d 784, 786; Erie Railroad Co. v. Caldwell, 6 Cir., 264 F. 947; New York Central R. Co. v. Brown, 6 Cir., 63 F.2d 657. Other jurisdictions have been in accord. United States v. Jasper, 4 Cir., 222 F.2d 632; Pullen v. Chicago, Milwaukee & St. Paul R. Co., 178 Minn. 347, 352, 227 N.W. 352. The law of Michigan is not otherwise. Gibbard v. Cursan, 225 Mich. 311, 196 N.W. 398, 400; Lepley v. Bryant, 336 Mich. 224, 57 N.W.2d 507. In the Gibbard case, supra, it was said: "There was evidence that she was frightened, and in sudden peril. To one in such situation the law makes allowance for the fright and lack of coolness of judgment incident thereto." In Wabash Ry. Co. v. Walczak, 6 Cir., 49 F.2d 763, 765, this court said, in applying Michigan law: "In the face of an emergency one is not held to the same standard of care that he must usually exercise."

While many cases have applied the doctrine in submitting the question of contributory negligence to the jury upon disputed basic facts, we apply it here upon facts concerning which there can be no controversy upon this record. The physical position of the cars, after impact, conclusively establishes the fact that Loridas swung his car to the left. No other inference is permissible. He did not quite make it. The swing to the left was a normal reaction to the danger. As we said in Sandri v. Byram, supra, 30 F.2d at page 786:

" * * * the chain of causation * * * is not broken by decedent's choice of an unsafe course in an emergency" and " * * * If, after a survey of the evidence, and after giving effect to every inference to be fairly or reasonably drawn from it in plaintiff's favor, there is no substantial evidence of negligence, the case is one for the judge." The accident was due to the negligence of Mrs. DuPre, which was its sole proximate cause.

The judgment is affirmed.