**ALLSTATE INSURANCE CO., Appellant,**

v.

**Erma F. SPRINGER, Murl D. Springer, Clare Goodman, Forrest M. E. Johnson, Anna Gulch, Administratrix of the Estate of Stephen Stanley Gulch, Deceased, Dorothy E. Swartz, Administratrix of the Estate of Harold Swartz, Deceased, and Indiana Lumbermens Mutual Insurance Company, Appellees.**

No. 13594.

United States Court of Appeals
Sixth Circuit.

Aug. 28, 1959.

Alexis J. Rogoski, Muskegon, Mich., Robert Bunker Rogoski, Muskegon, Mich., on the brief, for appellant.

Fred Roland Allaben, Grand Rapids, Mich., Allaben, Davids & Massie, Grand Rapids, Mich., on the brief, for appellees.

Before SIMONS and SHACKELFORD MILLER, Jr., Circuit Judges, and SHELBOURNE, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, Allstate Insurance Company, brought this declaratory judgment action seeking an adjudication that a policy of automobile liability insurance,

issued by it to the appellee Erma F. Springer, was void from its inception for fraud and afforded no benefits or protection to the insured or to any of the appellees making claims thereunder. Following a trial by jury which returned special verdicts, the appellant's contention was rejected by the District Court.

The insurance policy covered a Buick automobile which, prior to March 17, 1954, was owned by the appellee Murl D. Springer and who on or about that date transferred it to his wife, Erma F. Springer. On April 2, 1954, Erma Springer made written application to the appellant for liability insurance and the appellant issued to her the insurance policy in question covering the Buick automobile for a term of twelve calendar months ending April 3, 1955. At the expiration of that term the appellant issued a certificate extending the policy coverage for an additional period of one year until April 3, 1956.

On November 13, 1955, Murl Springer who, with the consent of his wife, was driving the insured automobile, collided with a Plymouth automobile owned and driven by Harold Swartz. Swartz and Stephen Gulch, a passenger in his car, died as a result of injuries received in the accident. Two other occupants of the Swartz car, appellees Clare Goodman and Forrest M. E. Johnson, were injured.

Appellant contends that the insurance policy covering the Buick automobile, and the extension thereof, were null and void because of false and fraudulent statements made by Erma Springer in her answers to questions Nos. 6 and 7 in her application for the policy. These questions read as follows:

"6. During the past two years, has any insurer cancelled any automobile insurance issued, or refused any automobile insurance to the applicant or to any of his household?

"7. During the past two years, has any automobile license, or permit to applicant or to any of his household to drive an automobile been suspended, revoked or refused?"

After each question was a square followed by the word "yes" and a second square followed by the word "no" for use in indicating the answers. In each instance checks were inserted in the squares marked "no." The application contained the following statement, "I hereby declare the facts stated herein to be true and request the Company to issue the insurance, and any renewals thereof, in reliance thereon." The application was signed by Erma F. Springer, although it is admitted that she herself did not fill in the answers to questions 6 and 7. Appellant's evidence was that the check marks in the "no" squares were made by appellant's agent at the time the application was made out, in accordance with statements made by Erma Springer.

The following facts have an important bearing upon questions 6 and 7 and the answers thereto. On October 5, 1951, Murl D. Springer was arrested on a charge of driving while under the influence of intoxicating liquor, to which he pleaded guilty. His driver's license was revoked for a period of ninety days, and he became subject to the provisions of the Michigan Financial Responsibility Act for a period of three years. At that time he owned a 1949 Chevrolet automobile. In order to obtain the restoration of his driver's license, he made application to Citizens' Mutual Automobile Insurance Company for a policy conforming to the requirements of the Financial Responsibility Act. The policy was issued and the Secretary of State issued to Springer a restricted driver's license, authorizing him to operate only the Chevrolet automobile. During the early part of 1953 Springer replaced the Chevrolet automobile with a 1952 Buick and Citizens' Mutual issued a policy covering the Buick automobile, effective until December 14, 1953. A corrected limited license was issued to Springer to operate only the Buick. On December 14, 1953, the coverage was made effective until December 14, 1954. Between October 10, 1952, and December 24, 1953, Murl Springer was involved in three traffic

violations. On November 14, 1953, he was involved in a wreck and pleaded guilty to a charge of not having his car under control. On February 2, 1954, Citizens' Mutual served Springer by mail with a notice of cancellation of his policy, effective February 16, 1954. Springer was also notified by telephone by his insurance agent of the cancellation, and was requested to bring in his policy. He delivered the policy to the agent and received a check for the premium refund. The agent told him that the cancellation was on account of the wreck.

Under the Michigan Financial Responsibility Act, Springer was not permitted to drive the Buick automobile unless it was covered by insurance. Springer, acting through his insurance agent, signed two applications for insurance under the Assigned Risk Plan. The premium for such insurance was larger than it would have been if he had not been under the Financial Responsibility Act, and Springer decided not to take such a policy. After the expiration of the thirty days allowed for the purpose of obtaining insurance his driver's license was taken up by the Office of the Secretary of State on March 17, 1954. On the same day Springer transferred title of the Buick automobile to his wife, Erma Springer, without consideration therefor. Thereafter, Springer requested the appellant to have one of its agents call at the Springer residence to discuss insurance for the Buick automobile and agent Baker went there on April 2, 1954, for that purpose, at which time the application in question was made by Erma Springer, upon the basis of which the policy was issued.

Appellant's investigation of the accident caused it to also investigate Murl Springer's driving record. By letter of November 16, 1955, it notified Erma Springer that its investigation of the accident and any actions with respect thereto on its part were being done under a reservation of rights because of the incorrect answers in the application for insurance. Under date of December 20, 1955, the appellant notified Erma Springer by letter that it was declaring the

policy void from the date of its inception. This letter closed with this statement, "Our check in the amount of $143.75, to cover full refund of premium paid by you since the original inception date of your policy, is enclosed." This letter was received at the Springer residence. Murl Springer endorsed Erma Springer's name and his own name on the back of the check which he thereafter cashed. He used the money, with his wife's knowledge, to buy Christmas presents. Erma Springer testified that her husband endorsed her name on the check and cashed it with her full consent.

■■ The District Judge overruled appellant's motion for a directed verdict and submitted the case to the jury for answers to written interrogatories. Following the verdict, appellant moved for judgment notwithstanding the verdict and in the alternative for a new trial. The District Judge called attention to the fact that a motion for judgment notwithstanding the verdict is not expressly recognized in the Rules of Civil Procedure, but properly treated it as a motion under Rule 50(b), Rules of Civil Procedure, 28 U.S.C.A., and denied it. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 215, 67 S.Ct. 752, 91 L.Ed. 849; Shaw v. Edward Hines Lumber Co., 7 Cir., 249 F.2d 434, 437; Moore v. Capital Transit Co., 96 U.S.App.D.C. 335, 226 F.2d 57, note 1, p. 58, certiorari denied 350 U.S. 966, 76 S.Ct. 434, 100 L.Ed. 839. He also overruled the motion for a new trial. The general rule that the overruling of a motion for a new trial is not reviewable except for abuse of discretion is not applicable where the error involved is one of law. Reisberg v. Walters, 6 Cir., 111 F.2d 595; General American Life Ins. Co. v. Central National Bank, 6 Cir., 136 F.2d 821, 823; Legler v. Kennington-Saenger Theatres, 5 Cir., 172 F.2d 982, 984; Astles v. Quaker City Bus Co., 2 Cir., 158 F.2d 979, 980. Accordingly, even though appellant may not have been entitled to a directed verdict, our present review will include errors of law, if any, in submitting the case to the jury.

Two of the interrogatories asked the jury if the answers of Erma Springer to questions 6 and 7 in the application were true or false. The jury found that the answer to each question was "true." The judgment holding the insurance policy valid from its inception was based upon these findings.

In support of the action of the District Judge, appellees refer to the testimony of Erma and Murl Springer that they truthfully answered all questions asked of them by appellant's soliciting agent; that the soliciting agent did not ask them questions numbered 6 and 7; that the soliciting agent, or some other representative of the appellant at a later time, filled in the answers to questions 6 and 7 in the application; and that they did not know that such answers had been made in the application when it was signed by Mrs. Springer. They contend that this evidence raised a factual issue about the answers to questions 6 and 7 and sufficiently supported the two findings of the jury on those issues. Hughes v. John Hancock Mutual Life Insurance Co., 351 Mich. 302, 306, 312, 88 N.W.2d 557.

■ We are of the opinion that the evidence was sufficient to take to the jury such questions as whether the soliciting agent asked Erma and Murl Springer questions 6 and 7 and whether they answered them as indicated by the check marks on the application. Cebulak v. Lewis, 320 Mich. 710, 32 N.W.2d 21, 5 A.L.R.2d 186. But those are not the questions which were submitted to the jury. The questions submitted to the jury were whether the negative answers shown by the signed application were true or false. The evidence is uncontradicted and conclusive that the negative answers were false and that Erma Springer signed the application. Whether, under all the circumstances surrounding the signing of the application, she was bound by the questions and answers thereto, is an entirely different question. Questions 6 and 7 should not have been submitted to the jury. Lovas v. General Motors Corp., 6 Cir., 212 F.2d 805, 807–

808; Wilson v. Goscinske, 6 Cir., 233 F. 2d 759, 762; Manos v. Detroit United Railway, 168 Mich. 155, 162, 130 N.W. 664, L.R.A.1917C, 689; Merritt v. Huron Motor Sales, Inc., 282 Mich. 322, 326, 276 N.W. 464. The jury's answers to questions 6 and 7, as drafted, must be set aside, and the judgment based upon them necessarily falls.

■ Another interrogatory submitted to the jury asked the jury if Erma Springer, by accepting and cashing the appellant's check for $143.75 as a refund of premium in accordance with its letter of December 20, 1955, understood that the appellant was declaring the policy void and did she intend at that time to acquiesce in and consent to the appellant's recission and avoidance of the policy. The jury answered this question "no." We are of the opinion that a review of the evidence in the light most favorable to the appellee, together with all the inferences that justifiably could be drawn therefrom, fails to reveal sufficient evidence of probative value to take this issue to the jury.

■ We recognize the Michigan rule that to constitute an accord and satisfaction, the tender of payment as being in full should be made in unequivocal terms so that the creditor in accepting the payment will do so understandingly. Durkin v. Everhot Heater Co., 266 Mich. 508, 513, 254 N.W. 187. In our opinion, the written exhibits and the unequivocal admissions of Erma Springer conclusively show that she fully understood the purpose of the tendered check and its effect, if accepted, upon the policy of insurance. The appellant's letter of December 20, 1955, reads as follows:

"Mrs. Erma Springer
2512 Reynolds Street
Muskegon Heights, Michigan
Dear Mrs. Springer:

The Allstate Insurance Company does hereby declare void from the date of its inception the policy numbered 6313346–4–3, issued to you.

Please take notice that the voidance of this policy leaves you without insurance protection by our company with reference to the accident in which your car was involved, while being driven by your husband, Murl Springer, occurring on November 13, 1955, at the intersections of Routes M-20 and M-37 in White Cloud, Michigan. Therefore, the said company hereby disclaims and denies to you and to others, any and all liability or obligation under such policy, relative to the said accident or otherwise.

We have declared such policy to be void because our investigation has revealed the following: 1) During the two years preceding April 3, 1954, an insurer cancelled automobile insurance issued to your husband, Murl Springer, a member of your household; 2) During the two years preceding April 3, 1954, the driver's license of your husband, Murl Springer, a member of your household, was under suspension, and 3) for other reasons.

The Allstate Insurance Company will take no further action with respect to any claim which you may have against it or with respect to any claim or suit against you which has arisen, or which may arise out of the said accident, and hereby withdraws from the matter entirely.

Our check in the amount of $143.-75, to cover full refund of premium paid by you since the original inception date of your policy, is enclosed."

The appellant in its letter of November 16, 1955, to Erma Springer, in which it made a reservation of rights in its investigation of the accident, contained this statement:

"We are making this reservation of rights because of breach of declarations relating to prior auto insurance cancellation or refusals to you or any member of your household and breach of declarations relating to prior drivers license revocations suspensions etc., and for other reasons."

Erma Springer testified that she read enough of the letter to know that the company had cancelled the policy and that she was not insured at the time of the accident. The following is quoted from her testimony:

"Q. What did you tell him at that time? A. I said: 'Why, Mr. Marks, are you trying to tell me that I am not insured, after having this policy for nearly two years, paying for it on two different occasions, and now you are finally going to drop us?' He said, 'That's it, that's it.' I said: 'I can't understand it.' I said: 'When we need you so bad now, there has two people been killed, and—.'"

There is no question under the evidence but that Murl Springer was authorized to handle the matter of insurance for his wife and to endorse and cash checks drawn to her order. In addition to other testimony, the District Judge asked her the following questions, to which she made the following answers: "Witness, I don't want any uncertainty about this question: Your husband endorsed your name on this check, and you claim he cashed it with your full consent? A. Yes, sir. The Court: And everything he did in connection with this insurance was done with your consent, was it? A. Yes." Erma Springer also knew that her husband used the proceeds of the check to buy Christmas presents and made no objection thereto.

■ Although we think this question was improperly submitted to the jury and that the jury's finding in answer thereto must be set aside, we do not at this time rule on the legal effect of this offer and acceptance. A policy of insurance is a contract between the insurer and the insured and, like other contracts, may be cancelled by mutual agreement, in the absence of intervening rights. Aetna Life Ins. Co. v. Dodd, 8 Cir., 103 F.2d 793, 795, certiorari denied 308 U.S. 573, 60 S.Ct. 87, 84

L.Ed. 480, rehearing denied 308 U.S. 634, 637, 60 S.Ct. 127, 177, 84 L.Ed. 528, 529; New Zealand Insurance Co. v. Larson Lumber Co., 7 Cir., 13 F.2d 374, 375; Denler & Denler Land Co. v. Eby, 277 Mich. 360, 364, 269 N.W. 203.

What effect an attempted retroactive cancellation by the parties has upon possible intervening non-consenting beneficiaries under the policy, who may have acquired rights by reason of an accident covered by the policy and the policy provisions with respect thereto, is a question which arises under our ruling on this aspect of the case and which has not had the consideration of the District Judge. See cases cited in 45 C.J.S. Insurance §§ 459 and 588, and 17 C.J.S. Contracts § 390.

The judgment is reversed and the case remanded to the District Court for a new trial in accordance with the views expressed herein.