# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL SIMONIE,

        Plaintiff-Appellee,

v

LOWELL COTE,

        Defendant-Appellant,

and

METROPOLITAN GROUP PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendant.

UNPUBLISHED
December 26, 2017

No. 333292
Wayne Circuit Court
LC No. 14-004088-NI

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

This case arises out of an accident involving two motor vehicles and presents the question whether the at-fault driver was operating her vehicle with the "express or implied consent or knowledge" of the vehicle's owner for purposes of owner liability under MCL 257.401(1). Because we conclude that the evidence presented at summary disposition, when viewed in a light most favorable to plaintiff Michael Simonie, gave rise to a reasonable inference that the operator of defendant Lowell Cote's vehicle, "Kathy," was driving Cote's truck with his consent or knowledge when she rear-ended Simonie's vehicle, and because this evidence called Cote's credibility into question thereby requiring assessment by a jury, we affirm the trial court's denial of Cote's motion for summary disposition, especially considering the common-law presumption of consent. We therefore allow to remain intact the jury's verdict that was subsequently rendered following trial.[1]

---

[1] Judgment in excess of $300,000 was entered in favor of Simonie, reflecting the jurors' determination that the vehicle was driven with Cote's consent or knowledge.

-1-

We review de novo a trial court's ruling on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). With respect to the well-established principles that govern our analysis of a motion for summary disposition brought under MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), explained:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

"Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994); see also *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010) (a court must draw all reasonable inferences in favor of the nonmoving party). Circumstantial evidence can be examined and considered in determining consent. See *Weisswasser v Chernick*, 399 Mich 653, 655; 252 NW2d 766 (1977). "Implied consent . . . may be gathered from a consideration of all the facts and circumstances, and is usually a question for the jury[.]" *Wingett v Moore*, 308 Mich 158, 161; 13 NW2d 244 (1944) (examining whether driver of vehicle involved in accident had implied consent from its owner to operate the vehicle).

The issue in this case concerns the applicability of the owner's liability statute, MCL 257.401, which provides, in pertinent part in subsection (1), as follows:

> The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

Aside from the statutory presumption of consent relative to family members, "the operation of a motor vehicle by a person who is *not* a member of the owner's family gives rise to

a rebuttable common-law presumption of consent." *Bieszck v Avis Rent-A-Car Sys, Inc*, 459 Mich 9, 18-19; 583 NW2d 691 (1998) (emphasis added). The common-law presumption can only be overcome with "positive, unequivocal, strong and *credible* evidence." *Id.* at 19 (internal quotation marks omitted; emphasis added). The credibility of a vehicle's owner may be affected by the manner in which he or she testified, given the owner's interest, and when any doubt is cast on the owner's testimony by way of the evidence, "the evidence is not clear, positive and credible, and the issue of whether or not the presumption of consent has been overcome should be submitted to the jury." *Krisher v Duff*, 331 Mich 699, 709; 50 NW2d 332 (1951). Testimony can be indirectly contradicted if it contains inherent improbabilities that may excite suspicion with respect to the truth of the testimony. *Wingett*, 308 Mich at 161. "[T]he presumption is not conclusive." *Id.* And "the existence of [the] presumption does not shift the ultimate burden of proof." *Id.*, citing MRE 301.[2] When the facts of a case have been determined, the statutory question of consent under MCL 257.401 is a matter of law; however, when the events of the "case remain in dispute, they are to be resolved by the finder of fact." *Bieszck*, 459 Mich at 19 n 8.

Here, Cote adamantly testified in his deposition that his vehicle was not being driven by Kathy with his consent or knowledge. Cote wishes us to accept this testimony as strong, unequivocal, positive, and credible evidence that *conclusively* rebuts the presumption of consent *as a matter of law*, entitling him to summary disposition. Cote effectively ignores the evidence which suggests that he may not be credible and that Kathy was driving Cote's vehicle with his consent or knowledge. He fails to appreciate the basic foundational principles applicable to rulings on a motion for summary disposition, e.g., viewing the evidence in a light most favorable to the nonmovant, not engaging in credibility assessments, and drawing all reasonable inferences in favor of the nonmovant.

Cote testified that he drove Kathy, a complete stranger, to a party after first meeting her shortly beforehand at a restaurant, that he placed his keys in the center console of his truck upon their arrival at the party, that Kathy had observed where Cote left the keys when they exited the vehicle, leaving the truck unlocked, and that he did not mingle with Kathy at the party, losing track of her almost immediately. We initially note that given the time of the accident, 8:00 p.m., as indicated in the traffic crash report, and Cote's ballpark estimate that he and Kathy arrived at the party at 7:00 or 8:00 p.m., the evidence could be viewed as placing Cote with Kathy when she struck Simonie's car or that she drove away from the party almost immediately after arriving. Cote indicated that several hours later, while still at the party, he decided to leave, but his vehicle

---

[2] MRE 301 provides:

> In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

was missing. Despite the apparent theft of his truck, Cote did not contact the police, which is highly suspect and atypical, and instead called a friend to come pick him up. Cote explained that he was too tired to deal with the matter at that point, yet he did walk several blocks to a major street so that his friend could locate him. In the morning, a person whom Cote believed was Kathy left a message on his phone, informing him where he could locate his truck, hardly the ordinary modus operandi of a true car thief. Moreover, said evidence reflected that Kathy had Cote's phone number. Next, Cote discovered damage to the front of his vehicle upon retrieving it, but he did not make an insurance claim, nor did he contact the police, even though the truck had supposedly been stolen.

These facts revealed behaviors by Cote that are generally not consistent with those exhibited by a person whose vehicle has actually been stolen, and Cote's failures to contact the police and his insurance company, along with all of the surrounding circumstances, give rise to a reasonable inference that his truck was not stolen but instead used by Kathy with Cote's knowledge or consent. The evidence also necessarily calls into question, casts doubt upon, and undermines Cote's claim that he did not consent to or have knowledge of Kathy's use of his truck; his testimony, which was not disinterested, certainly excites suspicion as to its truth. To be clear, we are not assessing Cote's credibility one way or the other for purposes of summary disposition. We are merely concluding that the documentary evidence established the existence of issues concerning knowledge or consent and Cote's credibility, such that it was proper to allow the case to go to the jury to resolve the factual and credibility questions. See *Krisher*, 331 Mich at 710. Indeed, Cote seeks a determination, as a matter of law, that he testified truthfully or credibly in his deposition about the claimed absence of knowledge and consent. We are not permitted to make such an assessment. In sum, we hold that the trial court did not err in denying Cote's motion for summary disposition and allowing the case to go to the jury for resolution.

Affirmed. Having fully prevailed on appeal, Simonie is awarded taxable costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ William B. Murphy